/ RECEIVED
IN CLERK'S OFFICE

OCT 2 0 2010

U.S. DISTRICT COURT
MID. DIST. TENN.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF
# TENNESSEE,NASHVILLE DIVISION

| | |
|---|---|
| **United States of America,And Deanna MCGEE,Revenue Officer of the Internal Revenue Service** <br> Petitioner <br><br> v. <br><br> **Tommy Collier,** <br> **Respondent** | CASE NO.3:10-0802 <br>———— <br><br> **Respondent's Motion to Dismiss** <br> **For Lack of Jurisdiction** <br> **For Want of** <br> ***"appropriate process"*** |

# Respondent's Motion To Dismiss
## For Lack of Jurisdiction
## For Want of *"appropriate process"*

Comes now, Tommy Collier, Respondent, and moves this Court to Dismiss these proceedings **for lack of jurisdiction for want of the *"appropriate process"*** that is specified as required under the clear and explicit language used in the provisions of the statutes controlling the proper use of the statutory Summons enforcement authorities by the Internal Revenue Service Agents and Officers, **operating within the distinct and different Subtitles of Title 26**.

Respondent further Moves this honorable court to Dismiss this action for lack of proper required legal service of the summons as required under 7608(a) and (b).

## AUTHORITY TO SUMMONS

The authority to issue a Summons to compel an appearance to produce books and records for inspection, and to make testimony concerning the determination of a potential tax liability, is

granted to the employees of the Internal Revenue Service under Title 26 U.S.C. Section 7602.

Section 7602, however, **is not the only statute relevant to and controlling the proper use of the Summons power** by the Revenue Officer.

It is also necessary to satisfy the *"appropriate process"* that is required by the statutes for the district court to hold jurisdiction to enforce the Summons.

Only the federal courts are given jurisdiction by the statutes to enforce an I.R.S. Summons. This is done under Sections 7604(a) and 7402(b), which both require the satisfaction of a legal "appropriate process", as the manner in which the court assumes jurisdiction over the enforcement of an I.R.S. Summons.

**Additionally, Sections 7602 and 7603 are not the only statutes relevant to the proper lawful use of the Summons authority and power** by the Revenue Officer. There are other relevant provisions in all of the statutes of **Subchapter A of Chapter 78** – *"Examination and Inspection"*, of Title 26, starting with Section 7603, and ending with Section 7613, the statutes consecutively following Section 7602, the statute granting the authority to Summons books and records.

 **Also,** the power **to enforce** the Summons authority is **NOT granted** to the Internal Revenue Service employees by Section 7602. The authority to enforce the Summons power is very carefully placed, **through** *"appropriate process"***, only** with the District Courts, **by other code sections besides Section 7602, that are made controlling over the enforcement process in the federal district court**.

# JURISDICTION OF THE DISTRICT COURT

The specific authority of the federal district courts to enforce an Internal Revenue Summons issued under authority of the United States under Title 26 U.S.C. Section 7602, is clearly and plainly identified and established in Title 26 U.S.C. Sections 7402(b) **and** 7604(a).  Section 7604(a) plainly states:

> **§ 7604. Enforcement of summons**
> TA \l "**§ 7604.  Enforcement of summons**" \s "§ 7604.  Enforcement of summons" \c 2
>
> **(a) Jurisdiction of district court**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, **the United States district court** for the district in which such person resides or is found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, records, or other data.
> (emphasis added)

And Section 7402(b) similarly plainly states:

> **§ 7402. Jurisdiction of district courts** TA \l "§ 7402. **Jurisdiction of district courts**" \s "§ 7402. Jurisdiction of district courts" \c 2
> ....
>
> **(b) To enforce summons**
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, **the district court** of the United States for the district in which such person resides or may be found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, or other data. (emphasis added)

These statutes both make it absolutely clear, without any confusion at all, that while the authority to Summons books, records, information, and testimony is established under Section 7602, **it is not applied or enforced under that same section**.  The jurisdiction **of the District Court to enforce the Summons is ONLY established by the accomplishment** of the twice statutorily specified "*appropriate process*".  **Both** of these statutes consistently

invoke the same requirement of "*appropriate process*" in order for the District Court to hold jurisdiction to enforce the I.R. Summons.

That requirement of "*appropriate process*" cannot be accomplished unless all of the specific requirements of the controlling statutes regarding the issuance, service, and enforcement of a Summons are meticulously followed and obeyed by the United States and its Agents and Officers and other employees of the I.R.S., throughout the Summons enforcement process.

## IDENTIFYING THE REQUIRED "*appropriate process*"

The statutory requirements at law, **necessary to establish the required "*appropriate process*", which is itself necessary for the District Court to hold jurisdiction to enforce an I.R. Summons,** are provided in Title 26 U.S.C. §§ 7603 through 7613.

Those statutes, from **Subchapter A** – "*Examination and Inspection*", **contained in Chapter 78 of Title 26, controlling, and limiting, the legitimate use of the Summons power,** are each entitled, and provide in summary:

   HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007603----000-.html" §~7603. Service of summons
   HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007604----000-.html" §~7604. Enforcement of summons
   HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007605----000-.html" §~7605. Time and place of examination
   HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007606----000-.html" §~7606. Entry of premises for examination of taxable objects

HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007607----000-.html" § 7607. [Repealed]

**HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007608----000-.html" § 7608. Authority of internal revenue enforcement officers**

**HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007609----000-.html" § 7609. Special procedures for third-party summonses**

HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007610----000-.html" § 7610. Fees and costs for witnesses

HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007611----000-.html" § 7611. Restrictions on church tax inquiries and examinations

**HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007612----000-.html" § 7612. Special procedures for summonses for computer software**

**HYPERLINK "http://www.law.cornell.edu/uscode/26/usc_sec_26_00007613----000-.html" § 7613. Cross references**

Plainly, just from the titles of these code section we can very clearly see that **each and every one of these statutes** (except 7607) **has very specific relevance to, and controls an element of the required due process for, the lawful use of the Summons power**, with each statute addressing a different and unique aspect of the "*appropriate process*" necessary for the district court to hold jurisdiction to enforce the Summons. Jurisdiction of the court only exists if the Summons was issued and served properly, under all of these statutes, as required in the manner that the statutes are actually written to clearly require, and without exceeding any of those authorities, or violating any of the imposed limitations on the use of the Summons power **under all of the statutes, not just one or two of them.** In the instant dispute, those fundamental requirements clearly did not happen.

In this matter, those requirements of "*appropriate process*" identified in those controlling code sections have not been met. In the instant matter the Summons **has not been served by**

**a person who is lawfully authorized by the statutes** under Section 7608 to serve a Summons enforcing or investigating alleged violations **of the Subtitle A tax code provisions as required by 26 U.S.C. (IRC) § 7608(b).**

## AUTHORITY UNDER THE DIFFERENT SUBTITLES

First, the true legal authority of Internal Revenue Service employees, like Revenue Officer, Deanna MCGee, to **serve** an Internal Revenue Summons issued under authority of the United States (under § 7602) is clearly specified and spelled out in **Title 26 U.S.C. § 7608**, subsection **(a)**. It plainly states:

> **§ 7608. Authority of internal revenue enforcement officers** TA \l "§ 7608. **Authority of internal revenue enforcement officers"** \s "§ 7608. Authority of internal revenue enforcement officers" \c 2 .
>
> **(a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms**
>
> Any **investigator, agent, or other internal Revenue Officer** by whatever term designated, whom the Secretary charges **with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E** or of any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –

carry firearms;
execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;   (emphasis added)

In the instant circumstances, as a "Revenue Officer}", Deanna MCGee is **only authorized** by this statute **to serve a Summons while conducting Subtitle E investigations** enforcing the Subtitle E laws **pertaining** to liquor, tobacco, and firearms, **commodities subject to tax. The Revenue Officer is in violation of this statute, as Respondent has never engaged in**

any **Subtitle E activities** involving any ATF commodities or related business operations. Additionally, the records sought under the Summons  by Revenue Officer,Deanna MCGee are **not** related to any Subtitle E activities or tax as authorized.

Therefore the instant Summons has been improperly issued because the Revenue Officer has exceeded her limited statutory authority to serve a Summons within a Subtitle E investigation.  **Under I.R.C. § 7608(a),** the Revenue Officer has no authority to act **under Subtitle A.**  However, the authority is granted to serve a Summons under Subtitle A, in statute, under the next code sub-section, I.R.C. § 7608(b).  However that authority does not include the Revenue Officer

It is erroneous to interpret this code section, I.R.C. § 7608, as only being applicable to the authority of Internal Revenue Officers to enforce subtitle E and other laws pertaining to liquor, tobacco, and firearms.  Because, while subsection (a) of that section indeed addresses only Subtitle E investigations, and limits the authority of the {Job Title} to investigative activities conducted **only under Subtitle E,** it is also a fact that this code section (§ 7608) **specifically addresses** the "*Enforcement of laws relating to internal revenue OTHER THAN SUBTITLE  E*", **in the very next sub-section, 7608(b).**    Subtitles "**OTHER** THAN SUBTITLE  E ", would of course **include Subtitle A,** and thus **becomes controlling in the instant dispute.**

The authority to serve Summons issued under investigations relating to **Subtitle A** tax matters, **which would be the relevant, applicable, and controlling authority in the instant matter under the factual circumstances**, is indeed specified and established under Title 26 U.S.C. § 7608, subsection **(b),** which plainly states:

> **§ 7608. Authority of internal revenue enforcement officers.** TA \l "§ 7608. **Authority of internal revenue enforcement officers**" \s "§ 7608. Authority of internal revenue enforcement officers" \c 2

...

**(b) Enforcement of laws relating to internal revenue OTHER than subtitle E**

(1) Any **criminal investigator of the Intelligence Division** of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, **is**, in the performance of his duties, **authorized to perform the functions described in paragraph (2).**

(2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are –

(A) to execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States; (emphasis added)

....

Clearly and plainly, 26 U.S.C. Sec. 7608(b) specifies that **ONLY** a *"criminal investigator of the Intelligence Division"* may serve a Summons outside of Subtitle E, i.e.: **under Subtitle A, as in the instant matter.** Revenue Officer, Deanna MCGee is **not** a *criminal investigator* of the Intelligence Division and has therefore violated 26 U.S.C. Sec. 7608(b) by serving a Summons that **only** a *criminal investigator* is authorized to serve. Not surprisingly, since the law is consistent, the Revenue Officer} has also violated 26 U.S.C. Sec. 7608(a) by exceeding her true statutory authority as a Revenue Officer in serving a Summons that is **not issued as part of a Subtitle E** investigation or enforcement action.

The Authority that is actually possessed by Revenue Officer, Deanna MCGee, is that actually specified in Title 26 U.S.C. Sec. 7608(a), supra, to **only** serve a Summons regarding the *"criminal, seizure, or forfeiture provisions of subtitle E"* or *"pertaining to the commodities subject to tax"*.

Section 7608(b) irrefutably and unequivocably controls the *"Enforcement of laws relating to internal revenue OTHER than subtitle E"*. Plainly and clearly, that would include Subtitle A, which is the Subtitle relevant to this matter.

IRC § 7608(a), only authorizes **a limited** investigative and Summons service authority under Subtitle E. The Revenue Officer has exceeded his/her authority under that subsection in this matter, and further ignores the fact that the Revenue Officer has no authority to act under 7608(b), outside of subtitle E and under Subtitle A, because he/she is not a *"criminal investigator of the Intelligence Division"* as required by the statute in subsection (b).

## STATUTORY DISTINCTIONS

**Congress very carefully made these statutory distinctions** controlling the lawful authority of the IRS employees to use the Summons power **within the different Subtitles. The courts should not try to re-write the law for Congress, but must uphold what is therein actually written.**

There exists a requirement, that is laid on this honorable court though a long and well known line of repeatedly consistent court precedents, to honor and hold to the standards of statutory construction, as the statues are actually written and provided by Congress, without favoritism or partiality to the government in its holdings, but with strict impartiality applied in precise accordance with the specific and clear meaning of the words used in the statutes.

## STATUTORY CONSTRUCTION

The recognized standards of legal construction, are, like the fundamental requirements of Due Process, well known to the federal courts and have been absolutely consistently applied within

them, and are often repeated in the Opinions of the federal justices, at all levels of the federal court system. Many examples are readily available.

"In deciding a question of statutory construction, we begin of course with the language of the statute." *Demarest v. Manspeaker*, 498 US 184, 112 L Ed 2d 608, 111 S Ct. 599, (1991) TA \l "*Demarest v. Manspeaker*, 498 US 184, 112 L Ed 2d 608, 111 S Ct. 599, (1991)" \s "Demarest v. Manspeaker, 498 US 184, 112 L Ed 2d 608, 111 S Ct. 599, (1991)" \c 1

"As in all cases involving statutory construction, "our starting point must be the language employed by Congress," *Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979) TA \l "*Reiter v Sonotone Corp.*, 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979)" \s "Reiter v Sonotone Corp., 442 US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979)" \c 1 , and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v United States*, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962) TA \l "*Richards v United States*, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962)" \s "Richards v United States, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962)" \c 1

"absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980) TA \l "*Consumer Product Safety Comm'n v GTE Sylvania, Inc.*, 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)" \s "Consumer Product Safety Comm'n v GTE Sylvania, Inc., 447 US 102, 108, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)" \c 1 .

"When the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." *Freytag v. Commissioner*, 501 US 115 L Ed 2d 764, pp. 767 - 768 TA \l "*Freytag v. Commissioner*, 501 US 115 L Ed 2d 764, pp. 767 - 768" \s "Freytag v. Commissioner, 501 US 115 L Ed 2d 764, pp. 767 - 768" \c 1

"Where statute's language is unambiguous, court's task of statutory construction is at end unless enforcement of statutory language would contravene clearly expressed legislative intent." *In Re Forfeiture Hearing as to Caplin*, 837 F.2d 637 (4th Cir. 1988) TA \l "*In Re Forfeiture Hearing as to Caplin*, 837 F.2d 637 (4th Cir. 1988)" \s "In Re Forfeiture Hearing as to Caplin, 837 F.2d 637 (4th Cir. 1988)" \c 1

"In construing a federal statute, it is presumable that Congress legislates with knowledge of the United States Supreme Court's basic rules of statutory construction." *McNary v. Haitian Refugee Center*, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888, (1991) TA \l "*McNary v. Haitian Refugee Center*, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888,

(1991)" \s "McNary v. Haitian Refugee Center, 498 US 479, 112 L Ed 2d 1005, 111 S Ct. 888, (1991)" \c 1

"(T)he court's task is to determine whether the language the legislators actually enacted has a plain, unambiguous meaning." *Beecham v. United States*, 511 US 128 L Ed 2d 383 (1994) TA \l "*Beecham v. United States*, 511 US 128 L Ed 2d 383 (1994)" \s "Beecham v. United States, 511 US 128 L Ed 2d 383 (1994)" \c 1

" We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 -242 (1989) TA \l "*United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 -242 (1989)" \s "United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 -242 (1989)" \c 1 ; *United States v. Goldenberg*, 168 U.S. 95, 102 -103 (1897) TA \l "*United States v. Goldenberg*, 168 U.S. 95, 102 -103 (1897)" \s "United States v. Goldenberg, 168 U.S. 95, 102 -103 (1897)" \c 1 ; *Oneale v. Thornton*, 6 Cranch 53, 68 TA \l "*Oneale v. Thornton*, 6 Cranch 53, 68" \s "Oneale v. Thornton, 6 Cranch 53, 68" \c 1 . When the words of a statute are unambiguous, then this first canon is also the last: "judicial inquiry is complete.", *Rubin v. United States*, HYPERLINK "http://caselaw.lp.findlaw.com/cgi-bin/getcase.pl?navby=case&court=us&vol=449&invol=424" \l "430" 449 U.S. 424, 430 (1981) TA \l "*Rubin v. United States*, 449 U.S. 424, 430 (1981)" \s "Rubin v. United States, 449 U.S. 424, 430 (1981)" \c 1 ; *see also Ron Pair Enterprises*, supra, at 241." *Connecticut National Bank v. Germain*, 503 US 249, p. 253-254, 117 L.Ed 2nd 91(1992) TA \l "*Connecticut National Bank v. Germain*, 503 US 249, p. 253-254, 117 L.Ed 2nd 91(1992)" \s "Connecticut National Bank v. Germain, 503 US 249, p. 253-254, 117 L.Ed 2nd 91(1992)" \c 1

"Rules of statutory construction are to be invoked as aids to the ascertainment of the meaning or application of words otherwise obscure or doubtful. They have no place, as this court has many times held, except in the domain of ambiguity." *Hamilton v. Rathbone*, 175 U. S. 414, 421, 44 L. Ed. 219, 222, 20 Sup. Ct. Rep. 155 TA \l "*Hamilton v. Rathbone*, 175 U. S. 414, 421, 44 L. Ed. 219, 222, 20 Sup. Ct. Rep. 155" \s "Hamilton v. Rathbone, 175 U. S. 414, 421, 44 L. Ed. 219, 222, 20 Sup. Ct. Rep. 155" \c 1 ; *United States v. Barnes*, 222 U. S. 513, 518, 519, 56 L. Ed. 291-293, 32 Sup. Ct. Rep. 117. TA \l "*United States v. Barnes*, 222 U. S. 513, 518, 519, 56 L. Ed. 291-293, 32 Sup. Ct. Rep. 117." \s "United States v. Barnes, 222 U. S. 513, 518, 519, 56 L. Ed. 291-293, 32 Sup. Ct. Rep. 117." \c 1 *Russell Motor Car Co. v. United States.*, 261 US 514, pp. 517 TA \l "*Russell Motor Car Co. v. United States.*, 261 US 514, pp. 517" \s "Russell Motor Car Co. v. United States., 261 US 514, pp. 517" \c 1 .

"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning--in all but the most extraordinary circumstance--is finished; courts must give

effect to the clear meaning of statutes as written." *Estate of Cowart v. Nicklos Drilling Co.,* 505 US 120 L Ed 2d 379, 112 S Ct. 2589 (1992) TA \l "*Estate of Cowart v. Nicklos Drilling Co.,* 505 US 120 L Ed 2d 379, 112 S Ct. 2589 (1992)" \s "Estate of Cowart v. Nicklos Drilling Co., 505 US 120 L Ed 2d 379, 112 S Ct. 2589 (1992)" \c 1


"It is not a function of the United States Supreme Court to sit as a super-legislature and create statutory distinctions where none were intended." *American Tobacco Co. v Patterson,* 456 US 63, 71 L Ed 2d 748, 102 S Ct. 1534 TA \l "*American Tobacco Co. v Patterson,* 456 US 63, 71 L Ed 2d 748, 102 S Ct. 1534" \s "American Tobacco Co. v Patterson, 456 US 63, 71 L Ed 2d 748, 102 S Ct. 1534" \c 1


"The United States Supreme Court cannot supply what Congress has studiously omitted in a statute." *Federal Trade Com. v Simplicity Pattern Co.,* 360 US 55, p. 55, 475042/56451 TA \l "*Federal Trade Com. v Simplicity Pattern Co.,* 360 US 55, p. 55, 475042/56451" \s "Federal Trade Com. v Simplicity Pattern Co., 360 US 55, p. 55, 475042/56451" \c 1


"The starting point in any endeavor to construe a Statute is always the words of the Statute itself; unless Congress has clearly indicated that its intentions are contrary to the words it employed in the Statute, this is the ending point of interpretation." *Fuller v. United States,* 615 F. Supp. 1054 (D.C. Cal 1985) TA \l "*Fuller v. United States,* 615 F. Supp. 1054 (D.C. Cal 1985)" \s "Fuller v. United States, 615 F. Supp. 1054 (D.C. Cal 1985)" \c 1 , West's Key 188 quoting *Richards v. United States,* 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962) TA \l "*Richards v. United States,* 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962)" \s "Richards v. United States, 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962)" \c 1


"The starting point for interpreting a statute is the language of the statute itself; absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Product Safety Comm'n v. GTE Sylvania,* 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051 (1980) TA \l "*Product Safety Comm'n v. GTE Sylvania,* 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)" \s "Product Safety Comm'n v. GTE Sylvania, 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051 (1980)" \c 1


"Words used in the statute are to be given their proper signification and effect."
*Washington Market Co. v. Hoffman,* 101 U. S. 112, 115, 25 L. Ed. 782, 783 TA \l "*Washington Market Co. v. Hoffman,* 101 U. S. 112, 115, 25 L. Ed. 782, 783" \s "Washington Market Co. v. Hoffman, 101 U. S. 112, 115, 25 L. Ed. 782, 783" \c 1


"The construction of a statute by those charged with its execution should be followed

unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction, and such deference is particularly appropriate where an agency's interpretation involves issues of considerable public controversy and Congress has not acted to correct any misperception of its statutory objectives." *CBS, Inc. v FCC*, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709 TA \l "*CBS, Inc. v FCC*, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709" \s "CBS, Inc. v FCC, 453 US 367, p. 367, 69 L Ed 2d 706, p. 709" \c 1

"This fact only underscores our duty to refrain from reading a phrase into the statute when Congress has left it out. '[W]here Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States,* 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983) TA \l "*Russello v. United States,* 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983)" \s "Russello v. United States, 464 US 16, 23, 78 L Ed 2d 17, 104 S Ct. 296 (1983)" \c 1 (citation omitted). *Keene Corp. v United States,* 508 US 124 L Ed 2d 118, 113 S Ct. (1993)

If we are to believe that code Sections 7602 and 7603 are the entire and only statutory authorities relevant to and necessary for the use of the Summons *issuance* and *service* powers, then, through that erroneous interpretation, we render **completely meaningless the entire Code Section of 7608**, and all of its subsections. **Section 7608(b)** clearly addresses and authorizes the investigative and summons service powers **under Subtitle A,** those **"other than Subtitle E". That code section must be given force of law in the court's application of the statutes.**

This honorable Court should very carefully note the **very specific distinction made by the two sub-sections of 7608, (a) and (b), between the two very different authorities** to serve Summons under **the two different subtitles, A and E.** That distinction is based in the statute on the very specific IRS *"office"* or job position held by the I.R.S. employee issuing the Summons under authority of the United States (as provided under Section 7602), and then serving the Summons as required under the provisions of Sections 7603, 7608, 7609,

and 7612, depending on the records summoned, the summoned party, **and the specific Subtitle under which the investigation is taking place.**

## CO-EXISTENCE OF STATUTES

When two statutes are not in direct conflict with one another, **they are taken to coexist as equally effective, each preserved with force of law within its authorized application, to the full extent possible under the language actually used in the written statutes.** As it is improper to use one statute to destroy another of equal standing, it is clearly erroneous and improper to apply the words of one statute that authorizes the government to act, **while ignoring entirely the clear meaning of the plain words used in another related statute that limit the application of the government's authorized powers within circumstances specifically identified in the statutes,** and present in the case, i.e. the operation of the granted authority within the different specific subtitles of the I.R. Code, **depending on whether or not the investigation is being conducted under Subtitle E, or not.**

Judges "are not at liberty to pick and choose among congressional enactments, and when two [or more] statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, **to regard each as effective.**" *Morton v. Mancari,* 417 US 535, 551, 41 L Ed 2d 290, 94 S Ct. 474 (1974) TA \l "*Morton v. Mancari,* 417 US 535, 551, 41 L Ed 2d 290, 94 S Ct. 474 (1974)" \s "Morton v. Mancari, 417 US 535, 551, 41 L Ed 2d 290, 94 S Ct. 474 (1974)" \c 1 . *County of Yakima v Yakima Nation,* 502 US 251, 116 L Ed 687 (1992) TA \l "*County of Yakima v Yakima Nation,* 502 US 251, 116 L Ed 687 (1992)" \s "County of Yakima v Yakima Nation, 502 US 251, 116 L Ed 687 (1992)" \c 1

"We are not at liberty to construe any statute so as to deny effect to any part of its language. **It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word.** As early as in Bacon's Abridgment, § 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word, shall be superfluous, void, or insignificant.' This rule has been repeated innumerable times." Justice Strong, *United States v. Lexington Mill & E. Co.,* 232 US 399, pp. 409. (1914)
 TA \l "*United States v. Lexington Mill & E. Co.,* 232 US 399, pp. 409. (1914)" \s "United States v. Lexington Mill & E. Co., 232 US 399, pp. 409. (1914)" \c 1

# STATUTORY DOUBT RESOLVED IN FAVOR OF TAPAYER

Tax laws are clearly in derogation of personal rights and property interests and are, therefore, subject to strict construction, and any ambiguity must be resolved against imposition of the tax. Where two statutes conflict with one another regarding a Citizen and his rights, **the Citizen**, and **not** the Government and its claims, **is to be favored and secured** under the law. In *Billings v. U.S.*, 232 U.S. 261, 34 S.Ct. 421 (1914) TA \l "*Billings v. U.S.*, 232 U.S. 261, 34 S.Ct. 421 (1914)" \s "Billings v. U.S., 232 U.S. 261, 34 S.Ct. 421 (1914)" \c 1 , the Supreme Court clearly acknowledged this basic and long-standing rule of statutory construction:

> "**Tax statutes . . . should be strictly construed, and, if any ambiguity be found to exist, it must be resolved in favor of the citizen.** *Eidman v. Martinez*, 184 U.S. 578, 583 TA \l "*Eidman v. Martinez*, 184 U.S. 578, 583" \s "Eidman v. Martinez, 184 U.S. 578, 583" \c 1 ; *United States v. Wigglesworth*, 2 Story, 369, 374 TA \l "*United States v. Wigglesworth*, 2 Story, 369, 374" \s "United States v. Wigglesworth, 2 Story, 369, 374" \c 1 ; *Mutual Benefit Life Ins. Co. v. Herold*, 198 F. 199, 201, aff'd 201 F. 918 TA \l "*Mutual Benefit Life Ins. Co. v. Herold*, 198 F. 199, 201, aff'd 201 F. 918" \s "Mutual Benefit Life Ins. Co. v. Herold, 198 F. 199, 201, aff'd 201 F. 918" \c 1 ; *Parkview Bldg. Assn. v. Herold*, 203 F. 876, 880 TA \l "*Parkview Bldg. Assn. v. Herold*, 203 F. 876, 880" \s "Parkview Bldg. Assn. v. Herold, 203 F. 876, 880" \c 1 ; *Mutual Trust Co. v. Miller*, 177 N.Y. 51, 57 TA \l "*Mutual Trust Co. v. Miller*, 177 N.Y. 51, 57" \s "Mutual Trust Co. v. Miller, 177 N.Y. 51, 57" \c 1 ." (Id at p. 265, emphasis added)

Other cases of course are readily found to support this understanding:

> "In view of other settled rules of statutory construction, which teach that a law is presumed, in the absence of clear expression to the contrary, to operate prospectively; that, if doubt exists as to the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer..." *Hassett v. Welch.*, 303 US 303, pp. 314 - 315, 82 L Ed 858. (1938) TA \l "*Hassett v. Welch.*, 303 US 303, pp. 314 - 315, 82 L Ed 858. (1938)" \s "Hassett v. Welch., 303 US 303, pp. 314 - 315, 82 L Ed 858. (1938)" \c 1

> "Doubt relative to statutory construction should be resolved in favor of the individual, not the government" *Greyhound Corp. v. United States,* 495 F2d 863 TA \l "*Greyhound Corp. v. United States,* 495 F2d 863" \s "Greyhound Corp. v. United States, 495 F2d 863" \c 1

Revenue Officers are not authorized to serve a Summons under Subtitle A. Revenue Officer, Deanna MCGee has clearly exceed his/her authority under 7608(a) in the instant matter, and is just as clearly not authorized under 7608(b), thereby destroying the required *"appropriate process"* necessary for the district court to hold jurisdiction to enforce the instant Summons.

Subtitle E tax is not the stated basis for this investigation. No Subtitle E records are sought under the Summons. Subtitle A earnings, tax, and activities are the true basis for this investigation undertaken by the Revenue Officer. Nor does this civil action in any way pertain to any activity involving *"liquor, tobacco or firearms"*, or any other *"commodities subject to tax"*, or any taxable activity related to Subtitle E as required by the statutes authorizing the Revenue Officerto serve a summons.

## ABUSE OF STATUTORY AUTHORITY

The limited authority that Deanna MCGee actually possesses as a Revenue Officer under 26 U.S.C. Sec. 7608(a), is to serve a summons **related to the enforcement of Subtitle E provisions.** That **limited authority** has been abused in the instant matter, being improperly used to serve a Summons concerning the investigation of Subtitle **A** provisions, **not** Subtitle E as required by the specific language of the code section, 7608(a). This abuse of the statutory authority **violates and destroys** the statutorily required *"appropriate process"* necessary for the District Court to hold jurisdiction to enforce the Summons. **The Summons is therefore not legally enforceable because the jurisdiction of the District Court has been destroyed for want of *"appropriate process"*.**

Subtitle E is **not** a part of this investigative action, but it was this Subtitle E authority, 26 U.S.C. Sec. 7608(a), that has been erroneously relied upon in this matter to have the Revenue Officer improperly and unlawfully serve the Subtitle A Summons, by misusing her Subtitle E authority, **instead of a *"criminal investigator of the Intelligence Division"*, who is lawfully authorized by statute to so act**. At no point or place in the record of these legal proceedings does Revenue Officer Deanna MCGee claim to be an authorized *"criminal investigator of the Intelligence Division"*. Without that evidence being present in the legal record of the court in this action**, there is no lawful jurisdiction that can be established in statute that would allow this Court to enforce the instant summons,** because this **is a critical element of the required *"appropriate process"* necessary for such jurisdiction to exist.**

Therefore the *"appropriate process"* necessary for the Court to have jurisdiction under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) **has been violated and poisoned** by the **misfeasance** of the Revenue Officer, who wrongfully misused her Subtitle E – Alcohol, Tobacco & Firearms authority to improperly serve a summons regarding a Subtitle A enforcement investigation.

The process of the Court is abused by this **misfeasance and blatant misuse** of the statutory powers, and any hope of establishing the *"appropriate process"* that could establish jurisdiction for the District Court is **destroyed**. The lawful jurisdiction of these Courts to enforce the Summons has been invalidated by this **inappropriate** process, and jurisdiction is beyond reach of the District Court **because there can be no proper showing of statutory authority** for the issuance and service of this Summons pertaining to Subtitle A under 7608(b), **as required by law to establish *"appropriate process" under*** 7604(a) and 7402(b).

Jurisdiction of the District Court under 26 U.S.C. Section 7604(a) and 26 U.S.C. Sec. 7402(b) to enforce an internal revenue Summons can only be established by *"appropriate*

*process*". "*Appropriate process*" **cannot be established in this case** because **a *criminal investigator of the Intelligence Division* did not serve the Subtitle A Summons as required** under 26 U.S.C. Sec. 7608(b)(1).    "*Appropriate process*" **has been poisoned** because the authority of Revenue Officer, Deanna MCGee to serve summons under Subtitle E was improperly abused in the instant matter, to wrongfully and improperly serve a Summons related to a Subtitle A investigation, instead of properly pertaining to a Subtitle E investigation.   Revenue Officer  Deanna MCGee does not possess the statutory authority necessary under 26 U.S.C. Sec. 7608(b) to serve a Subtitle A Summons **because she is not a "*criminal investigator of the Intelligence Division*"**.

Officer Deanna MCGee cannot misuse the authority of 26 U.S.C. Sec. 7608(a) – to serve a Summons under Subtitle E,  to accomplish an end that is not authorized by Sec. 7608(a), and that is also not authorized under Sec. 7608(b) – i.e.: the service of a Subtitle A Summons by a Revenue Officer **rather than by a "*criminal investigator*"**.

Title 26 U.S.C. Sec. 7608(b) controls and limits the enforcement authority of the United States and its officers using a Summons to investigate the enforcement of the Subtitle A provisions, and it does not make statutory provision for Revenue Officers to serve Subtitle A Summons, as has been **inappropriately done in the instant matter.**

The "*appropriate process*" required under 26 U.S.C. Sec. 7604(a) and 26 U.S.C. Sec. 7402(b) for the District Court to obtain jurisdiction in this matter has not been observed and is not present or intact, and has never existed, and in applying for enforcement of this improperly issued and served Summons, the **process of the court is severely abused.**

In addition, the administrative summons issued in the instant case cites no authority other than the "Internal Revenue Code."  The Internal Revenue Code only lists four (4) sections from which the authority to issue could emanate, §§ 6420(e)(2), 6421(g)(2), 6427(j)(2) or

7602. Three of those sections 6420(e)(2), 6421(g)(2), 6427(j)(2), pertain only to gasoline taxes, and the fourth, § 7602, addressed herein, has been published in the regulations as **only** pertaining to "intoxicating liquors".

Supporting this understanding of a limited authority that is granted by the statutes to enforce an I.R. Summons, **outside of a criminal investigation conducted by a *"criminal investigator of the intelligence division"*, ONLY under Subtitle E, is the fact that we find in the Code of Federal Regulations (C.F.R.) that the regulations implementing the enforcement of the Summons statutes, have only been published in that C.F.R. as being only applicable to, and enforceable under, Title 27. (*See* Exhibit marked "CFR Index and Finding Aids")**

Therefore, the summons contains no authority that would pertain to the Respondent and must be quashed. The Respondent is not now and has never been engaged in any of those Subtitle E revenue taxable activities. The records sought by the summons do not pertain to any Subtitle E activities or earnings. The Internal Revenue Service has not and cannot produce any documentation showing that Respondent is engaged in any activity involving any type of taxes that relate to "Intoxicating Liquors" under Subtitle E..

The cross references for Chapter 78 of the I.R.C. (Title 26) shown in the U.S.C. in Section 7612, confirm the limited proper use of the summons as revealed above and identified in the enclosed Exhibit of published regulations under the C.F.R..

**§ 7612. Cross references**

**(a) Inspection of books, papers, records, or other data.**
 For inspection of books, papers, records, or other data in the case of -
  (1) **Wagering**, see section 4423.
   (2) **Alcohol, tobacco, and firearms taxes, see subtitle E.**

There are no other cross-references shown for the inspection of books, papers, records or other data.

## SUMMARY

The facts and law in this case clearly and simply combine to show that there can be no showing of *"appropriate process"* in the instant matter under 26 U.S.C. § 7608, as required by 26 U.S.C. §§ 7604(a) and 7402(b), for the District Court to hold lawful jurisdiction to enforce the instant Subtitle A related Summons.

There can be no denying that both Section 7608 and Section 7609 are **both** part of the specified required *"appropriate process"* necessary for the district to hold jurisdiction to enforce a summons through application to the district for an order for enforcement. Section 7609 is specifically entitled *"Special Procedures for third party summonses"*, and is obviously applicable, and Section 7608 **specifically identifies which** *offices*, i.e.: the specific I.R.S. employment *positions*, **are authorized to exercise the summons service authorities UNDER THE DIFFERENT SUBTITLES.** For the Magistrate to ignore the clear words and the plain meaning of the code sub-sections, and to essentially just throw away the statute entirely in order to decide in favor of the government, is erroneous. The magistrate's determination is error.

Neither Respondent, nor his third-party record-keepers, possess any books or records, nor any information at all, relating to any Subtitle E taxes or business activities, nor have they conducted together any operations or activities related to commodities subject to tax.

The Revenue Officer's misuse of her statutory authority to issue a Summons under Subtitle E, **BUT NOT UNDER SUBTITLE A**, appears to be an attempt by the government **to intentionally misuse and abuse the legitimate and lawful authority it possesses to**

**Summons book and records under Subtitle E**, in order to attempt to circumvent the limitations in the laws controlling their power, in an obviously illegitimate manner. That use of the Summons authority, under Subtitle A by a Revenue Officer is **not** lawful, **nor does that power exist in the law** to be enforced by the District Court under the true Summons authority granted in the statutes of Subtitle A under Section 7602, and as authorized under Section 7608(b) for use within that subtitle.

> "It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon"
> *Boyd v.* TA \s "v." *United States*, TA \l "*Boyd v. United States*," \s "Boyd v. United States," \c 1  116 U.S. 616, 635 (1886)

## REQUIREMENTS OF LAWFUL SERVICE

Finally, it is erroneous to believe that I.R.C. § 7603, to make service of the Notice of Summons on the Respondent, satisfies all of the legal service requirements necessary in this matter.    The requirements of proper lawful service of a Summons, **by a statutorily authorized individual,** are further specified under I.R.C. § 7608(a) and (b), depending upon which Subtitle the investigative action originates under.

This entire cause of action has been unlawfully conducted under the deceitful and conniving machinations of Revenue Officer, Deanna MCGee, who has massively deceived the court regarding her true statutory authority to make lawful service of a summons under 7608(a), Revenue Officer Deanna MCGee has never made any legal service of the Summons as required under 7608(b), necessary to invoke the court's authority to authorize an enforcement Order, because she is not the statutorily authorized "***criminal investigator of the Intelligence Division***", necessary to make such service under Subtitle A

The entire cause of action is irreparably poisoned and destroyed by such misconduct of the Revenue Officer in attempting to serve and enforce the Summons through the use of an insufficient, and therefore deficient, authority for such under I.R.C. § 7608(a).

> "A stickler for enforcing the statutory notice it is entitled to receive, the government should be no less punctilious with respect to the statutory notice it is required to give." *Kulway v. United States*, 917 F 2d 729, 735 (2nd Cir. 1990) TA \l "*Kulway v. United States*, 917 F 2d 729, 735 (2nd Cir. 1990)" \s "Kulway v. United States, 917 F 2d 729, 735 (2nd Cir. 1990)" \c 1 .

Respondent was never given any lawful service of the summons as required by the statutes (§ 7608(b)) and as required by the Rules of the Court as annotated in the Federal Rules of Civil Procedure. No lawful, authorized service is evidenced on the record of these proceedings.

## CONCLUSION

As the subject of the investigation, Respondent was entitled to proper lawful service by a "*criminal investigator of the Intelligence Division*" of any Summons that was issued regarding his property, i.e.: to obtain access to Subtitle A books and records. Revenue Officer Deanna MCGee never made any such required legal service of the summons under Section 7608(b), because as a Revenue Officer she is not authorized in statute to do so.

Therefore, this action should be dismissed for lack of jurisdiction for want of appropriate process under 7604(a) and 7402(b) as provided under F.R.C.P., Rule 12(h)(3), and for lack of lawful service as required by IRC § 7608(b) and the rules of the court under F.R.C.P. Rule 12(b)(5), (*see* Exhibit A)

# PRAYER FOR RELIEF

**THE FOREGOING PREMISES CONSIDERED**, specifically: the **misfeasance and malfeasance of the Revenue Officer in improperly abusing his/her true statutory authority under 7608(a) to serve a Summons issued under authority of the United States under Section 7602, and as additionally required under Section 7608(b)**, and, the fact that the "*appropriate process*", required under Sections 7402(b) and 7604(a) for the District Court to possess jurisdiction to enforce an I.R. Summons served within Subtitle A under authority of 7806(b), cannot be demonstrated in light of the violations of the statutory requirements of Title 26 U.S.C. § 7608(a) and (b) by the **Revenue Officer, together with the clear lack of required lawful legal service of the summons itself under those 7608 subsections**; and accordingly, the Respondent prays this honorable Court to **dismiss this action in its entirety for lack of jurisdiction for want of appropriate process**, and for lack of required proper legal service of the 2039 Summons document.

Respectfully submitted,

Tommy Collier
2797 lafayette drive
Thompson Station,Tn ,**37179**
(615)578-1113

## CERTIFICATE OF SERVICE

I, Tommy Collier, certify that a true copy of the attached *Objection & Motion To Dismiss* has been served via Certified Mail to the following:

Steve Jordan, [Asst.] U.S. Attorney
U.S. Department of Justice
110 9th Avenue South Ste. A-961
Nashville,TN 37203          Certified Mail # 7007 3020 0000 7396 1625

Tommy Collier
2797 lafayette drive
Thompsons Station ,Tn 37179
(615)578-1113

Oct. 18,2010