RECEIVED
IN CLERK'S OFFICE
OCT 2 0 2010
U.S. DISTRICT COURT
MID. DIST. TENN.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF
# TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| United States of America, And DEANNA MCGEE, Revenue Officer of The Internal Revenue Service<br>Petitioner<br><br>v.<br><br>Tommy Collier,<br>Respondent | CASE NO. 3:10-0802<br>**Respondent's Motion to VOID The Order of the Court** |

## Respondent's Motion To VOID
## The Order of the Court

Comes now, Tommy Collier, pro se Respondent, and *Moves* this honorable court, under the HYPERLINK "http://www.law.cornell.edu/rules/frcp/" ~~Federal Rules of Civil Procedure~~, HYPERLINK "http://www.law.cornell.edu/rules/frcp/Rule60.htm" ~~Rule 60(b)(4)~~, to immediately VOID the *Order* of the court for **LACK OF JURISDICTION for want of the statutorily required** *"appropriate process"* **necessary for the federal district court to hold jurisdiction to enforce an I.R.S. Summons.**

The specific authority of the federal district courts to enforce an Internal Revenue Summons issued under authority of the United States under Title 26 U.S.C. Section 7602, is clearly and plainly identified and established in Title 26 U.S.C. Sections 7402(b) **and** 7604(a). Section 7604(a) plainly states:

§ 7604. Enforcement of summons
TA \l "§ 7604. **Enforcement of summons**" \s "§ 7604. Enforcement of summons" \c 2

**(a) Jurisdiction of district court**

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, **the United States district court** for the district in which such person resides or is found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, records, or other data.

(emphasis added)

And Section 7402(b) similarly plainly states:

§ 7402. **Jurisdiction of district courts** TA \l "§ 7402. **Jurisdiction of district courts**" \s "§ 7402. Jurisdiction of district courts" \c 2

....

**(b) To enforce summons**

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, **the district court** of the United States for the district in which such person resides or may be found **shall have jurisdiction by appropriate process** to compel such attendance, testimony, or production of books, papers, or other data.

(emphasis added)

These statutes both make it absolutely clear, without any confusion at all, that while the authority to Summons books, records, information, and testimony is established under Section 7602, **it is not applied or enforced under that same section**. The jurisdiction **of the federal district court to enforce the I.R. Summons is ONLY established by the accomplishment** of the twice statutorily specified *"appropriate process"*. **Both** of these statutes consistently invoke the same requirement of *"appropriate process"* in order for the district court, **and only the federal district court,** to hold jurisdiction to enforce the I.R.S. Summons.

That requirement of *"appropriate process"* cannot be accomplished unless **all of the specific requirements of the controlling statutes** regarding the issuance, service, and enforcement of a Summons **are meticulously followed and obeyed** by the United States and its Agents

and Officers and other employees of the I.R.S., throughout the Summons enforcement process.

The legal authority of Internal Revenue Service employees, like Revenue Officer ,DEANNA MCGEE , to **serve** an Internal Revenue Summons issued under authority of the United States (under

§ 7602) is clearly specified and spelled out in **Title 26 U.S.C. § 7608**, subsection **(a)**. It plainly states:

> **§ 7608. Authority of internal revenue enforcement officers TA \l "§ 7608. Authority of internal revenue enforcement officers" \s "§ 7608. Authority of internal revenue enforcement officers" \c 2 .**
>
> **(a) Enforcement of subtitle E and other laws pertaining to liquor, tobacco, and firearms**
>
> Any **investigator, agent, or other internal Revenue Officer** by whatever term designated, whom the Secretary charges **with the duty of enforcing any of the criminal, seizure, or forfeiture provisions of subtitle E** or of any other law of the United States **pertaining to the commodities subject to tax** under such subtitle for the enforcement of which the Secretary is responsible may –

carry firearms;
execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States;   (emphasis added)

In the instant circumstances, as a Revenue Officer, DEANNA MCGEE is **only authorized** by this statute **to serve a Summons while conducting Subtitle E investigations** enforcing the Subtitle E laws **pertaining** to liquor, tobacco, and firearms, **commodities subject to tax.**

**The Revenue Officer is in violation of this statute, as Respondent has never engaged in any Subtitle E activities** involving any ATF commodities or related business operations. Additionally, the records sought under the Summons by IRS Revenue Officer ,Deanna MCGee are **not** related to any Subtitle E activities or tax, as required by this statute under its

granted authority.

Therefore the instant Summons has been improperly issued and served because the Revenue Officer has exceeded her limited statutory authority to issue and serve a Summons within a Subtitle E investigation. **Under I.R.C. § 7608(a),** the Revenue Officer has no authority to act **under Subtitle A.** However, the authority is granted in statute to serve a Summons under Subtitle A under the next code sub-section, I.R.C. § 7608(b). However that authority does not include the Revenue Officer.

It is not erroneous to interpret this code subsection, I.R.C. § 7608(a), **as only being applicable to the authority of Internal Revenue Officers to enforce subtitle E and other laws pertaining to liquor, tobacco, and firearms**, because that is exactly what it says. However, while subsection (a) of this code section indeed addresses **only** Subtitle E investigations, and limits the authority of the Revenue Officer to investigative activities conducted **only under Subtitle E, it is also a fact** that this code section (§ 7608) **specifically addresses** the *"Enforcement of laws relating to internal revenue OTHER THAN SUBTITLE E",* **in the very next sub-section, 7608(b).** Subtitles **"OTHER** THAN SUBTITLE E", would of course **include Subtitle A,** and thus **becomes controlling in the instant dispute,** as this is indisputably a Subtitle A matter and investigation.

The authority to serve Summons issued **under investigations relating to Subtitle A tax matters, which would be the relevant, applicable, and controlling authority in the instant matter under the factual circumstances,** is indeed specified and established under Title 26 U.S.C. § 7608, subsection **(b),** which plainly states:

> § 7608. Authority of internal revenue enforcement officers. TA \l "§ 7608. Authority of internal revenue enforcement officers" \s "§ 7608. Authority of internal revenue enforcement officers" \c 2
> 
> …

> **(b) Enforcement of laws relating to internal revenue OTHER than subtitle E**
>
> (1) Any **criminal investigator of the Intelligence Division** of the Internal Revenue Service whom the Secretary charges with the duty of enforcing any of the criminal provisions of the internal revenue laws, any other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, or any other law for which the Secretary has delegated investigatory authority to the Internal Revenue Service, **is**, in the performance of his duties, **authorized to perform the functions described in paragraph (2).**
>
> (2) The functions authorized under this subsection to be performed by an officer referred to in paragraph (1) are –
>
>> (A) to execute and serve search warrants and arrest warrants, and **serve subpoenas and summonses** issued under authority of the United States; (emphasis added)
>> ....

Clearly and plainly, 26 U.S.C. Sec. 7608(b) specifies that **ONLY** a *"criminal investigator of the Intelligence Division"* may serve a Summons outside of Subtitle E, i.e.: **under Subtitle A, as in the actual circumstances and facts defining the instant dispute.** Revenue Officer, Deanna MCGee is **not a *criminal investigator*** of the Intelligence Division **and has therefore violated 26 U.S.C. Sec. 7608(b) by serving a Summons that only a *"criminal investigator"*** *(*of the *"intelligence division"*) **is authorized to serve.** This destroys the statutorily required *"appropriate process"* necessary by law in order for the district court to hold jurisdiction to enforce the Summons by *Order* of the Court. The federal district court never held jurisdiction to issue any *Order* in this matter because the Revenue Officer destroyed the required *"appropriate process"* necessary by law for the court to hold jurisdiction to enforce the I.R. Summons, by exceeding the authority granted to him in statute, **and unlawfully usurping the authority to serve a Subtitle A Summons.**

Not surprisingly, since the law is consistent, the Revenue Officer has also violated 26 U.S.C. § 7608(a) by exceeding her true statutory authority as a Revenue Officer in serving a Summons that is **not issued as part of a Subtitle E** investigation or enforcement action.

The Authority that is actually possessed by Revenue Officer, Deanna MCGee, is that actually specified in Title 26 U.S.C. Sec. 7608(a), supra, to **only** serve a Summons regarding the *"criminal, seizure, or forfeiture provisions of subtitle E"* or *"pertaining to the commodities subject to tax"*.

Section 7608(b) irrefutably and unequivocally controls the *"Enforcement of laws relating to internal revenue OTHER than subtitle E"*. Plainly and clearly, that would include Subtitle A, which is the Subtitle relevant to this matter. No *"criminal investigator of the intelligence division"* ever issued or served any Summons in this matter, which was the statutorily required *"appropriate process"* necessary by law in order for the federal district court to properly and lawfully hold jurisdiction in this matter to enforce the Summons by issuing an *Order* of the Court.

IRC § 7608(a), only authorizes **a limited** investigative and Summons service authority under Subtitle E in the hands of the Revenue Officer. The IRS Revenue office} has exceeded his/her authority under that subsection in this matter, and further ignores the fact that the Revenue Officer has no authority to act under 7608(b), outside of subtitle E and under Subtitle A, because he/she is not a *"criminal investigator of the Intelligence Division"* as required by the statute's specific and precise language in subsection (b).

Therefore the federal district court **held no true legal jurisdiction** to issue any *Order* in this matter, and has plainly and clearly **acted without jurisdiction** to take any action through the issuance of any *Order*, deciding for or against any argument.

Pursuant to the HYPERLINK "http://www.law.cornell.edu/rules/frcp/" ~~Federal Rules of Civil Procedure~~, HYPERLINK "http://www.law.cornell.edu/rules/frcp/Rule60.htm" ~~Rule 60(b)~~, the district court "may relieve a party or its legal representative from a final judgment,

*Order*, or proceeding" if, inter alia, "the judgment is void." HYPERLINK "http://www.law.cornell.edu/rules/frcp/" ~~Fed.R.Civ.P.~~ HYPERLINK "http://www.law.cornell.edu/rules/frcp/Rule60.htm" ~~60(b)(4)~~. "**Generally, a judgment is void** under Rule 60(b)(4) **if the court that rendered it lacked jurisdiction** of the subject matter, **or of the parties**, or if it acted in a manner inconsistent with due process of law." Burke, 252 F.3d at 1263 (internal quotation marks omitted).

## Summary & Conclusion

Therefore, under the statutes of Title 26 of the United States Code of the United States of America, specifically I.R. Code Sections 7604(a), 7402(b), 7608(a), and 7608(b), and HYPERLINK "http://www.law.cornell.edu/rules/frcp/" ~~under the Federal Rules of Civil Procedure (Fed.R.Civ.P)~~, Rule HYPERLINK "http://www.law.cornell.edu/rules/frcp/Rule60.htm" ~~60(b)~~(4), the Respondent now moves this honorable court to **VOID** the original *Orders* of the Court in their entirety **for lack of jurisdiction for want of** *appropriate process*.

Respectfully submitted,

_____
Tommy Collier, pro se
2497 lafayette drive
Thompson Station, TN 37179
(615)578-1113

# CERTIFICATE OF SERVICE

I, Tommy Collier, certify that a true copy of the attached *Motion To VOID the Order of the Court* has been served via Certified Mail to the following:

Steve Jordan}, [Asst.] U.S. Attorney
U.S. Department of Justice
110 9th Avenue South Ste. A-961
City, State Zip            Certified Mail # 7007 3220 0000 7396 1625

Tommy Collier
2797 lafayette drive
Thompson Station,TN 37179
(615)578-1113

Oct.18,2010