UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA AND DEANNA MCGHEE, REVENUE OFFICER OF THE INTERNAL REVENUE SERVICE, <br><br> Petitioners, <br><br> v. <br><br> TOMMY COLLIER, <br><br> Respondent. | CIVIL NO. 3:10-cv-00802 <br> JUDGE HAYNES |

## RESPONSE TO COLLIER'S MOTION TO VOID ORDER OF THE COURT

COMES NOW the United States of America and Internal Revenue Officer Deanna McGhee, by and through the United States Attorney as counsel, and for their response to Tommy Collier's Motion to Void Order of the Court [Doc. 14], would show to this Court as follows:

Mr. Collier's Motion questions this Court's jurisdiction over this case. An order entered by a court, where that court lacks jurisdiction, can be set aside as void. See United States v. Indoor Cultivation Equip., 55 F.3d 1311, 1316-17 (7th Cir. 1995). However, there is no problem with the District Court's jurisdiction in this case.

Mr. Collier's Motion to Void Order of the Court is somewhat difficult to decipher; nevertheless, as the United States understands it, Mr. Collier maintains that the legal authority of Revenue Officer Deanna McGhee to serve an IRS summons comes from 26 U.S.C.A. § 7608 (West 2010). Mr. Collier understands § 7608 to only authorize a revenue officer to serve an IRS summons "while conducting [a] Subtitle E investigation enforcing the Subtitle E laws pertaining to liquor, tobacco, and firearms, [or other] commodities subject to tax." Mr. Collier, without giving any affidavit, contends that he does not engage in "any Subtitle E activities involving any ATF commodities or related business operation." He contends that none of the records sought through the summons are related to "any Subtitle E activities or tax, as required by [§ 7608] under its granted authority." He says that § 7608 "only authorizes a limited investigation and summons service authority under Subtitle E in the hands the Revenue Officer." He concludes that, "The IRS Revenue Officer has exceeded her authority under that subsection in this matter, and further ignores the fact that the Revenue Officer has no authority to act under § 7608 outside

of Subtitle E..., because she is not a criminal investigator of the intelligence division as required by the statute's specific and precise language...." Consistent with his arguments, Mr. Collier asks the District Court to "void the original orders of the Court in their entirety for lack of jurisdiction for want of appropriate process."

Mr. Collier is not the first person to make the argument contained in his motion - the argument that an IRS summons is unenforceable by a District Court because its issuance and/or service by a Revenue Officer violates 26 U.S.C.A. § 7608 where the taxpayer was not involved in taxable activities centering around alcohol, tobacco, firearms or other taxable commodities. That specious argument has been advanced in and uniformly rejected by other federal courts. To quote one such court that rejected the argument, "[A] cursory examination of the case law would have revealed to [the taxpayer] that Internal Revenues Agents clearly have properly delegated authority to issue summonses pursuant to 26 U.S.C. § 7602 (internal citations omitted)." *Holling v. United States*, 1996 WL 200731, at *8 (E. D. Mich. Feb. 6, 1996)( awarding sanctions against a taxpayer's lawyer where one of the taxpayer's challenges to an IRS summons was that the revenue agent lacked authority to issue/serve an IRS summons because 26 U.S.C. § 7608 "only authorizes revenue agents to issue summonses for Subtitle E taxes").

In *Madge v. United States*, 1995 WL 313653 (D. Minn. Feb. 13, 1995), a taxpayer couple were trying to quash third-party IRS summonses seeking testimony, records, books, and other data relating to the couple's federal income tax liabilities. In attempting to quash the summonses, the couple argued, among other things, that their tax liabilities did not "relate to Subtitle E of the Internal Revenue Code, which relates to alcohol, tobacco, and firearms, [so the Revenue Agent] was without authority to issue the summonses in question." *Madge*, 1995 WL 313653, at*3-4. On that issue, the *Madge* court ruled, "The Court finds that these arguments, apart from their incoherence, are without merit. The summonses in question were issued pursuant to Internal Revenue Code § 7602; Subtitle E of the Internal Revenue Code has no application here." *Madge*, 1995 WL 313653, at *4. Other federal courts faced with the same taxpayer argument - that an IRS Revenue Officer can only serve a summons if conducting a

2

Subtitle E investigation enforcing Subtitle E laws pertaining to alcohol, tobacco, firearms, or other commodities subject to tax - all have rejected that argument. *See Gudenau v. United States*, 2006 WL 2639472, at *7 (D. Haw. Sept. 11, 2006)(rejecting the argument); *Gaunt v. IRS*, 1996 WL 376341, at *2 (M.D. Penn. May 1, 1996)(rejecting the argument, saying it "simply is incorrect"); *Nelson v. United States*, 1994 WL 519485, at *5 (N.D. Cal. Sept. 19, 1994)(rejecting the argument, noting that § 7602 and § 7608 "operate independently").

The Petition and accompanying Declaration of Revenue Officer McGhee show that she properly issued the administrative summons pursuant to 26 U.S.C.A. § 7602 and served it in accordance with 26 U.S.C.A. § 7603 (West 2010). As a settled legal matter, Congress has endowed federal districts courts with subject matter jurisdiction to enforce summonses issued and served by IRS agents/officers seeking tax information under the above statutes. *See* 26 U.S.C.A. § 7604 (West 2010) and *Reisman v. Caplin*, 375 U.S. 440, 445-46 (1964). Additionally, in such federal internal revenue cases, since the United States is the plaintiff, jurisdiction could also be proper under 28 U.S.C. §§ 1331, 1335, and 1340 (West 2010).

FOR ALL THE FOREGOING REASONS, this Court has jurisdiction, and Mr. Collier's Motion to Void the Order of the Court should be in all respects denied.

Respectfully submitted,

JERRY E. MARTIN
United States Attorney
Middle District of Tennessee

By: s/ Steve Jordan
STEVE JORDAN, B.P.R. #013291
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
Telephone (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010, a copy of the foregoing RESPONSE TO COLLIER'S MOTION TO VOID ORDER OF THE COURT was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. mail, postage-prepaid, to:

>Tommy Collier
>2797 Lafayette Drive
>Thompson Station, TN 37179

>s/ Steve Jordan
>STEVE JORDAN