UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA AND DEANNA ) <br> MCGHEE, REVENUE OFFICER OF THE ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br> Petitioners, ) <br> v. ) <br> ) <br> TOMMY COLLIER, ) <br> ) <br> Respondent. ) | CIVIL NO. 3:10-cv-00802 <br> JUDGE HAYNES |

### **RESPONSE TO COLLIER'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

COMES NOW the United States of America and Internal Revenue Officer Deanna McGhee, by and through the United States Attorney as counsel, and for their response to Tommy Collier's Motion to Dismiss [Doc. 13], would show to this Court as follows:

Notwithstanding the fact that Tommy Collier, the Respondent, has already filed a responsive pleading to the United States's Petition [Doc. 4: Answer to Complaint], and has already appeared and argued at the October 15, 2010 court hearing on the merits, and notwithstanding that this Court has already ordered that the summons be judicially-enforced [Doc. 12], Collins has now moved for an order dismissing this action to enforce an IRS summons, in Collins's words, "for lack of jurisdiction for want of the appropriate process" and "for lack of proper required legal service of the summons as required under 7608 (a) and (b)." Mr. Collins arguments lack merit; no problem exists with jurisdiction.

Although Mr. Collier's Motion to Dismiss is somewhat difficult to decipher, the United States understands Mr. Collier's motion as maintaining that the legal authority of Revenue Officer Deanna McGhee to serve an IRS summons comes from 26 U.S.C.A. § 7608 (West 2010). Mr. Collier understands § 7608 to only authorize a revenue officer to serve an IRS summons "while

conducting [a] Subtitle E investigation enforcing the Subtitle E laws pertaining to liquor, tobacco, and firearms, [or other] commodities subject to tax." Mr. Collier, without giving any affidavit, factually contends that he is not engaging in "any Subtitle E activities involving any ATF commodities or related business operation." Again citing 26 U.S.C.A. § 7608, he also contends that only a "criminal investigator" can serve an IRS summons unless the IRS is conducting a Subtitle E investigation, and that Revenue Officer McGhee is not a "criminal investigator." He says, "Revenue Officer, Deanna McGhee is not a criminal investigator of the Intelligence Division and has therefore violated 26 U.S.C. § 7608(b) by serving a summons that only a criminal investigator is authorized to serve." Having set out his arguments, Collier says, "This action should be dismissed for lack of jurisdiction for want of appropriate process under 7604(a) and 7402(b)...and for lack of lawful service as required by IRC § 7608(b) and...F.R.C.P. Rule 12(b)(5)...."

Mr. Collier is not the first American taxpayer to argue that an IRS summons is unenforceable because its issuance and/or service by a Revenue Officer violates 26 U.S.C.A. § 7608, where the taxpayer was not involved in taxable activities centering around alcohol, tobacco, firearms or other taxable commodities. That specious argument has been advanced in and uniformly rejected by other federal courts. To quote one such court, "[A] cursory examination of the case law would have revealed to [the taxpayer] that Internal Revenues Agents clearly have properly delegated authority to issue summonses pursuant to 26 U.S.C. § 7602 (internal citations omitted)." **Holling v. United States**, 1996 WL 200731, at *8 (E. D. Mich. Feb. 6, 1996)( awarding sanctions against a taxpayer's lawyer where one of the taxpayer's challenges to an IRS summons was that the revenue agent lacked authority to issue/serve an IRS summons because 26 U.S.C. § 7608 "only authorizes revenue agents to issue summonses for Subtitle E taxes").

In ***Madge v. United States***, 1995 WL 313653 (D. Minn. Feb. 13, 1995), a taxpayer couple

2

were trying to quash third-party IRS summonses seeking testimony, records, books, and other data relating to the couple's federal income tax liabilities. In attempting to quash the summonses, the couple argued, among other things, that their tax liabilities did not "relate to Subtitle E of the Internal Revenue Code, which relates to alcohol, tobacco, and firearms, [so the Revenue Agent] was without authority to issue the summonses in question." *Madge*, 1995 WL 313653, at *3-4. On that issue, the *Madge* court ruled, "The Court finds that these arguments, apart from their incoherence, are without merit. The summonses in question were issued pursuant to Internal Revenue Code § 7602; Subtitle E of the Internal Revenue Code has no application here." *Madge*, 1995 WL 313653, at *4. Other federal courts faced with the same taxpayer argument - that an IRS Revenue Officer can only serve a summons if conducting a Subtitle E investigation enforcing Subtitle E laws pertaining to alcohol, tobacco, firearms, or other commodities subject to tax - all have rejected that argument. *See Gudenau v. United States*, 2006 WL 2639472, at *7 (D. Haw. Sept. 11, 2006)(rejecting the argument); *Gaunt v. IRS*, 1996 WL 376341, at *2 (M.D. Penn. May 1, 1996)(rejecting the argument, saying it "simply is incorrect"); *Nelson v. United States*, 1994 WL 519485, at *5 (N.D. Cal. Sept. 19, 1994)(rejecting the argument, noting that § 7602 and § 7608 "operate independently").

    Likewise, Mr. Collier is not the first litigant against the IRS to ever seize on the officer-was-not-a-criminal-investigator argument. In *Park v. United States*, 2003 WL 920753, at *1 (D. Ariz. Jan. 24, 2003), a taxpayer seeking to quash an IRS third-party summons made the same argument. Said the court there, "It is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences [citations omitted]." Revenue officers other than just "criminal investigators" can issue administrative summonses to obtain tax information. The court in *Park*

called the taxpayer's contention, that only a "criminal investigator" could serve a summons, "meritless." *Accord Gaunt*, 1996 WL 376341, at *2 (holding same); *Nelson*, 1994 WL 519485 at *5 (holding same). Here, Revenue Officer McGhee can and did properly summon Collier under 26 U.S.C. A. § 7602 to provide records about his income and assets in an effort to collect Collier's unpaid income taxes.

This case presents no problem with jurisdiction. But even were there some hiccup in the process leading up to this Court taking jurisdiction over the person of Tommy Collier, Mr. Collier comes too late with such an argument. To whatever extent Mr. Collier is now trying to raise a problem about the process - what he terms "want of appropriate process" - underlying jurisdiction, he brings that argument too late, even if it had merit, which it doesn't. As a legal matter, requests that a lawsuit be dismissed for inadequacy of process must be raised before a party appears in a case on the merits or they are waived. *See* Fed. R. Civ. P. 12 (h)(1)(B); ***O'Brien v. R.J. O'Brien and Assocs.***, 998 F. 2d 1394, 1399 (7th Cir. 1993); ***Partin v. Oseqbue***, 2008 WL 185501, at *3 (M. D. Tenn. Jan. 18, 2008). Here, Collier has both answered (a responsive pleading filed before demurring), appeared in court on the merits, and the Court has given its order. To raise the grounds for dismissal he now states (defective process/ineligible process server), he has come in to court too late. Just as the Federal District Court in ***Bringman v. CNA Ins. Cos***., 2007 WL 3232534, at * 1 (N. D. W. Va. Nov. 1, 2007) denied a motion to dismiss for insufficiency of process where that defense was not first raised when the defendant answered, this Court should not now entertain Collier's untimely Motion to Dismiss for alleged insufficiency of process.

4

FOR THE FOREGOING REASONS, your Petitioners ask that this Court deny Collier's Motion to Dismiss.

        Respectfully submitted,

        JERRY E. MARTIN
        United States Attorney
        Middle District of Tennessee

By:   s/ Steve Jordan
      STEVE JORDAN, B.P.R. #013291
      Assistant United States Attorney
      110 9th Avenue South, Suite A-961
      Nashville, Tennessee 37203
      Telephone (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2010, a copy of the foregoing RESPONSE TO COLLIER'S MOTION TO DISMISS FOR LACK OF JURISDICTION was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was mailed by regular U.S. mail, postage-prepaid, to:

Tommy Collier
2797 Lafayette Drive
Thompson Station, TN 37179

        s/ Steve Jordan
        STEVE JORDAN

5

Case 3:10-cv-00802　　Document 18　　Filed 11/03/10　　Page 5 of 5 PageID #: 75